# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT JACKSON

### MARCH 1999 SESSION

FILED

August 12, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| RODNEY L. JEFFRIES, | ) | C.C.A. NO. 02C01-9807-CR-00214 |
| | ) | |
| Appellant, | ) | |
| | ) | SHELBY COUNTY |
| V. | ) | |
| | ) | |
| | ) | HON. JAMES C. BEASLEY, JR., |
| STATE OF TENNESSEE, | ) | JUDGE |
| | ) | |
| Appellee. | ) | (POST CONVICTION) |

## SEPARATE CONCURRING OPINION

I concur in the result reached in the majority opinion authored by Presiding Judge Gary R. Wade. I write separately, however, to express my concern that appointed counsel for the Appellant at the trial court level did not proceed to represent Appellant in the appeal to this court from the trial court's dismissal of the petitions for post-conviction relief.

In this case, the Appellant filed *pro se* petitions for post-conviction relief attacking each conviction in a separate petition. On August 11, 1998, the trial court entered an order *nunc pro tunc* for March 18, 1998 appointing counsel to represent Appellant. The order provides as follows:

> Be it remembered that the Court ascertained in the absence of the Petitioner, that the above Petitioner is financially unable to employ counsel as a result of his present incarceration, and that it is incumbent upon the Court to appoint counsel to represent said Petitioner's interests in his absence.

And further, the Court is of the opinion that the Public Defender of Shelby County, Tennessee, should not be appointed to represent the Petitioner herein, for good cause shown.

**IT IS THEREFORE ORDERED, ADJUDGED AND DECREED** that[ ] Monica Simmons, a licensed Attorney in the State of Tennessee, be appointed to represent the Petitioner in the above-captioned cause.

The record reflects that after the trial court made its findings of fact and ruling dismissing the petitions on the record in open court, it requested counsel for the Appellant to draft the order reflecting the court's ruling. Counsel agreed to comply with this request. The order was entered. There was no request by counsel to withdraw from further representation of Appellant. Appellant filed a *pro se* notice of appeal. While no motion was filed by Appellant for appointment of counsel on appeal, he did type in "*ATTORNEY REQUESTED*" at the bottom of the front page of the "Docketing Statement" filled out by him and returned to the clerk of this court. The "Docketing Statement" is not required by any rule of procedure or rule of any court, but is sent by the clerk of the appellate courts to appellants in order to obtain information about cases.

In any event, Appellant did not bring to the attention of this court by motion, any desire to have counsel appointed to represent him on appeal. However, in cases where an attorney is properly appointed to represent a petitioner in post-conviction proceedings in the trial court, I feel that it is incumbent upon the trial court and appointed counsel to ensure that counsel remains attorney of record in the direct appeal of the dismissal of the first post-conviction petition, unless appointed counsel is properly permitted to withdraw and other counsel is appointed.

Tenn. Sup. Ct. R. 28, § 10(a) states that "[a]n appeal from the dismissal or denial of a post-conviction petition shall be in accordance with the Tennessee Rules of Appellate Procedure." Rule 18(a) of the Tennessee Rules of Appellate Procedure provides the following:

> A party who has been permitted to proceed in an action in the trial court as a poor person (which includes a person who has been permitted to proceed there as one who is financially unable to obtain adequate defense in a criminal case) may proceed on appeal as a poor person unless, before or after the appeal is taken, the trial court finds the party is not entitled so to proceed, in which event the trial court shall state in writing the reasons for such finding.

In the Post-Conviction Procedure Act, Tennessee Code Annotated section 40-30-215 states that "[i]ndigency shall be determined and counsel and court reporters appointed and reimbursed as now provided for criminal and habeas corpus cases by chapter 14, parts 2 and 3 of this title."

Tennessee Code Annotated section 40-14-205 allows an attorney appointed by the trial court to withdraw as counsel of record upon good cause shown, but requires the trial court to immediately appoint another attorney in the former attorney's place. Furthermore, Tennessee Code Annotated section 40-14-203, made applicable to post-conviction cases by Tennessee Code Annotated section 40-30-215, entitles a petitioner to appointed counsel on the direct appeal from the denial of a first petition for post-conviction relief.

Despite the failure of the trial court and appointed counsel in the post-conviction proceedings to ensure that Appellant was represented by counsel in this direct appeal, the particular facts of this case, in my opinion, do not justify a reversal

of the trial court's order, or appointment of counsel to file a substituted brief on behalf of Appellant in this court. Appellant's brief was adequate to convey his arguments. The proof in the record overwhelmingly justifies the affirmance of the trial court's judgment dismissing the petitions for post-conviction relief.

Most cases, however, would require, at a minimum, that counsel be appointed to file a substituted brief on appeal. Under normal circumstances, the State would need to file a brief in response thereto. Of course, the resultant delay in disposition of post-conviction cases would be contrary to the prompt disposition of post-conviction cases and the administration of justice.

I am authorized to state that both Presiding Judge Wade and Judge Tipton join in with me in this concurring opinion.

_____
THOMAS T. WOODALL, Judge